[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13255
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00446-LJA-WC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN FERNANDO GANTT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 24, 2018)

Before ED CARNES, Chief Judge, TJOFLAT, and NEWSOM, Circuit Judges.

PER CURIAM:

Alvin Gantt pleaded guilty to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He contends that his 72-month prison sentence is procedurally and substantively unreasonable.

I.

In June 2016 police officers in Montgomery, Alabama, conducted a traffic stop on a gold Lexus because its license plate belonged to a red Mazda.  The driver, identified as Gantt, immediately exited the car and was detained because of his suspicious behavior.  Gantt's sister, a passenger in the car, was later instructed to exit the car.  She told the police that Gantt had a firearm inside the car.  The police searched the car and found a loaded .380 caliber handgun.  Gantt, a convicted felon, stated that he owned the firearm, and the police arrested him.  He later admitted that he knew he was not supposed to possess a firearm because he was a convicted felon, but explained that he purchased the firearm for protection because he had been robbed.

Gantt pleaded guilty to a single count of being a felon in possession of a firearm.  The presentence investigation report detailed Gantt's lengthy criminal history.  He had been convicted of five felonies in Alabama state court:  first degree receipt of stolen property in 1994; possession of a controlled substance in 1998; second degree assault in 2003; second degree possession of a forged instrument in 2003; and third degree burglary in 2014.  His criminal history also

2

included a number of other convictions dating back to 1992 when he was 18 years old: harassment; disorderly conduct; criminal trespass; providing a false name to a law enforcement officer; theft; and assault.

Some of those prior convictions involved violent conduct and firearms. In 1992 Gantt physically assaulted his pregnant girlfriend by kicking her with his feet and hitting her with his fists. Two years later he cut a woman with a broken bottle during a fight. In 1995 he refused to leave that same woman's home when she asked him to, and instead put his hands on her legs and his fingers in her panties; Gantt had a gun in his pocket during that incident. That same year he also entered a man's home and threatened him with a gun. In 1998 he slapped a woman in the face after she refused to go inside his house. In 1999 he pushed a 13-year-old to the ground and hit him with an iron pipe. And in 2003 he struck a victim in the face multiple times with his fists, causing multiple fractures.[1]

The PSR calculated Gantt's base offense level as 20 and his criminal history category as VI, yielding a guidelines range of 51 to 63 months. At the sentence hearing, the government and Gantt agreed that his criminal history category should have been V, which led to a guidelines range of 46 to 57 months. The government argued for a 72-month sentence, emphasizing Gantt's significant criminal history,

---

[1] In 1992 Gantt was charged with assault and harassment after he beat up someone and, several weeks later, forced his way into an ex-girlfriend's house and slapped her twice in the face. And in 2001 he was charged with third degree assault after he beat a woman until her nose bled and threatened to kill her.

involving a number of convictions for violent conduct. Gantt responded that his criminal history was decades old and also emphasized that he had finally gotten his life together by getting a job and an apartment. And he argued that his crime in this case did not harm anyone. He asked for a downward variance to 24 months.

The court rejected Gantt's arguments and varied upward from the guidelines range, sentencing him to 72 months imprisonment. It emphasized his "very, very serious history of violent crime," which his guidelines range underrepresented. It noted his argument that this offense was victimless, but stated that gun crimes were different because the purpose of a gun is to commit violence. And it noted that there were two instances in which he was caught with a firearm but not prosecuted, despite his status as a convicted felon. As a result, the court stated that it would vary up to 72 months, which "would be the top of the guidelines if [it] moved up on the scale to 19 on the basis of his criminal history."[2] And it stated that regardless of the guidelines, a variance up to 72 months was appropriate based on the 18 U.S.C. § 3553(a) factors. Gantt objected to the upward variance, which the court denied. This is his appeal.

## II.

In reviewing Gantt's sentence, we must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or

---

[2] The court initially stated that it was sentencing Gantt to 71 months imprisonment, but later clarified that he would receive a 72 month sentence.

improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). If the sentence is procedurally sound, then we review the substantive reasonableness of the sentence only for abuse of discretion. United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." Id. at 1189 (quotation marks omitted). Even if the district court considers all of the proper factors, it must still weigh them reasonably. Id. We will vacate a sentence for unreasonable weighing of factors "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quotation marks omitted).

Gantt first argues that his sentence is procedurally unreasonable because the district court did not properly explain why moving down the sentencing table on the basis of his criminal history would permit a 72-month sentence. See United States Sentencing Guidelines § 4A1.3(a)(4) (Nov. 2016) (determination for extent

of upward departure).  That argument fails.  The court properly calculated Gantt's

guidelines range as 46 to 57 months.  It made clear that it was varying upward

from that guidelines range, and it referenced the rule for an upward departure only

as a guide for imposing the 72-month variance.  The sentence hearing transcript

makes clear that the court considered the § 3553(a) factors and explained why it

was imposing the above-guidelines variance.  Finally, the court stated that a 72-

month sentence was appropriate under the § 3553(a) factors.  As a result, Gantt's

argument that the court committed procedural error in imposing the upward

variance fails.

Gantt also argues that his sentence is substantively unreasonable because the

court relied solely upon his criminal history and the nature of the offense to justify

his 72-month sentence.  See 18 U.S.C. § 3553(a)(1).  That argument also fails.  To

begin with, the district court stated that it considered not only Gantt's criminal

history and the nature of his offense, but also other factors such as deterrence, the

need to promote respect for the law, and protecting the public.  See id.

§ 3553(a)(1)–(2).  Although it did emphasize his criminal history and explain how

that criminal history relates to other factors, that emphasis was reasonable.  See

United States v. Rosales-Bruno, 789 F.3d 1249, 1263 (11th Cir. 2015) ("Placing

substantial weight on a defendant's criminal record is entirely consistent with

§ 3553(a) because five of the factors it requires a court to consider are related to

6

criminal history."). The court also noted the correlation between Gantt's criminal history and his possession of a firearm, stating that it did not want Gantt's next crime to be a deadly one. That consideration relates to public safety. See 18 U.S.C. § 3553(a)(2)(C); cf. United States v. Shaw, 560 F.3d 1230, 1241 (11th Cir. 2009) ("The public should not have to wait until [the defendant] takes those last steps before the district court can provide it with the maximum protection the law allows."). And the court stated that Gantt's criminal history had evidenced a failure to respect the law. See 18 U.S.C. § 3553(a)(2)(A).

The court considered the relevant factors, and its emphasis on Gantt's extensive criminal history was appropriate. See Rosales-Bruno, 789 F.3d at 1263 ("Under substantive reasonableness review, we have repeatedly affirmed sentences that included major upward variances from the guidelines for defendants with significant criminal histories that the sentencing courts weighed heavily."). And his 72-month sentence is still far below the 10-year statutory maximum. See, e.g., United States v. McKinley, 732 F.3d 1291, 1294–95, 1298–99 (11th Cir. 2013) (affirming variance from 57–71 months up to 125 months where the defendant had "more than 25 years of criminal history encompassing crimes from burglary and robbery to grand theft and reckless driving" and the sentence was "well below the statutory maximum"). Because we are not "left with the definite and firm conviction," Irey, 612 F.3d at 1190 (quotation marks omitted), that Gantt's 72-

7

month sentence is substantively unreasonable, the district court's judgment is

**AFFIRMED.**